IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD WALSH, | : | |
|     Petitioner | : | No. 1:02-cr-00252-2 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM

Pro se Petitioner Gerald Walsh ("Petitioner") stands convicted of firearm- and drug-related charges in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1). (Doc. No. 94.) On August 19, 2022, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 169.) Upon review of Petitioner's motion, the Court observed that the motion is untimely on its face, filed as it was nineteen (19) years after the Court sentenced him. (Doc. No. 170.) The Court therefore issued an Order directing Petitioner to show cause—within thirty (30) days of August 31, 2022—why the Court should not dismiss his § 2255 motion as untimely. (Id.) To date, Petitioner has not submitted anything in response to the Court's Order. For the following reasons, the Court will deny Petitioner's § 2255 motion as untimely.

I.    BACKGROUND

In October 2002, a grand jury returned an indictment charging Petitioner with firearm-related offenses, including charges brought under 18 U.S.C. §§ 922(g)(1) and 924(c)(1), to which he pleaded guilty the same year. (Doc. Nos. 1, 57.) Following an August 29, 2003 sentencing hearing (Doc. No. 93), the Court sentenced Petitioner to an aggregate term of one hundred ten (110) months' imprisonment. (Doc. No. 94.) Petitioner began serving his federal sentence in July 2019, after he completed a term of imprisonment to which he was sentenced in a state court criminal action. (Doc. No. 169 at 11.) He filed his § 2255 motion over three years later, on

August 19, 2022.

## II.    LEGAL STANDARD

Section 2255(a) provides that a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a).  Under 28 U.S.C. § 2255(f), a federal prisoner is subject to a one-year statute of limitations for the filing of a motion to vacate.  This statute provides, in pertinent part, that:

> (f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
>   (1) the date on which the judgment becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## III.    DISCUSSION

In Petitioner's case, the Court imposed judgment on August 29, 2003.  (Doc. No. 94.) Petitioner had fourteen (14) days from that date to file a notice of appeal.  See Fed. R. App. P. 4(b)(1)(A)(i).  He did not appeal, so his judgment of conviction became final on September 12,

2003. See United States v. Carey, No. 1:08-cr-00435-1, 2015 WL 3752523, at *1 (M.D. Pa. June 16, 2015). Petitioner therefore had one year from September 12, 2003, or until September 12, 2004, to file a timely § 2255 motion. Petitioner did not file his § 2255 motion until about eighteen (18) years later, on August 19, 2022. (Doc. No. 169.) Accordingly, unless Petitioner is entitled to belated commencement of the limitations period under § 2255(f)(2)-(4), or equitable tolling, his motion is time-barred. See Holland v. Florida, 560 U.S. 631 (2010); Ross v. Varano, 712 F.3d 784 (3d Cir. 2013).

Petitioner's § 2255 motion does not suggest any basis upon which to conclude that he is entitled to belated commencement of the one-year limitations period under § 2255(f)(2)-(4). He does not allege any government action impeded him from filing his motion, and he does not allege the existence of facts bearing on his claims that he could not have previously discovered. He argues that "18 U.S.C. § 924(c) [is] unconstitutionally vague" and that he could not have raised his claims until Congress enacted the First Step Act of 2018. To the extent he relies on that statute—and perhaps also on Johnson v. United States, 576 U.S. 591 (2015), and United States v. Davis, 139 S. Ct. 2319 (2019), where the Supreme Court held that aspects of § 924(c) were unconstitutionally vague—Petitioner has provided no reason for his failure to file a § 2255 motion within one year of Johnson or Davis, as would be required under § 2255(f)(3), even assuming they could serve to excuse Petitioner's late filing of his § 2255 motion.

Regarding equitable tolling, although Petitioner did not respond to the Court's Order directing him to show cause why his § 2255 motion should not be denied as untimely, his motion contains arguments that arguably bear on that issue. However, as the Court noted in its show-cause Order, none of those arguments warrant application of equitable tolling:

> Petitioner asserts that: (1) he "did not have access to federal laws or cases" while in state custody; and (2) the COVID-19 pandemic and related lockdowns prevented

him from accessing the law library, using phones and computers, and receiving visitors while in federal custody. (Doc. No. 169 at 11.) Neither of these circumstances, however, prevented Petitioner from filing a § 2255 motion over the last two decades. He had about sixteen (16) years in state custody to do so, and nothing in his motion indicates that he diligently attempted to file a motion during that period of time. Further, Petitioner arrived in federal prison in mid-2019, before the World Health Organization declared COVID-19 a pandemic, and therefore had several months to prepare a § 2255 motion before the pandemic-related lockdowns prevented his access to any resources. His motion, accordingly, appears to be time-barred. See, e.g., Harding v. Warden Mason of SCI Mahanoy, No. 5:21-cv-02393, 2021 WL 5177711, at *3 (E.D. Pa. Nov. 8, 2021) (citing cases for the proposition that limited library access does not warrant equitable tolling absent a showing that the petitioner diligently exercised his rights but was nevertheless prevented from filing a § 2255 motion because of such limited access).

(Doc. No. 170 at 3.) There being no other basis in the record for belatedly commencing or tolling § 2255(f)'s one-year limitations period, the Court is compelled to conclude that Petitioner's motion is untimely and will therefore deny his motion on that ground.

## IV. EVIDENTIARY HEARING

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). If "the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court need not hold a hearing. See 28 U.S.C. § 2255(b). In determining whether a hearing must be held regarding claims of ineffective assistance of counsel, the Court must first "accept as true the nonfrivolous allegations in the petition" and then "determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel." See United States v. Dawson, 857 F.2d 923, 927-28 (3d Cir. 1988); see also United States v. Arrington, 13 F.4th 331, 334 (3d Cir. 2021) (applying standard as set forth in Dawson). Here, Petitioner has conclusively failed to establish that his § 2255 motion is timely. Accordingly, the Court finds no reason to hold an evidentiary hearing in this matter.

## V.    CERTIFICATE OF APPEALABILITY

In proceedings brought under § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued.  A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, the Court concludes that jurists of reason would not find the disposition of this case debatable and will therefore not issue a COA.

## VI.    CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion (Doc. No. 169) as untimely.  The Court will not conduct an evidentiary hearing and will not issue a COA.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania